FILED

2023 Oct-11  PM 06:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MELISSA FENDLEY,

      Plaintiff,

                                    CASE NO:

vs.

CITY OF BIRMINGHAM,
a municipal corporation,

      Defendant.

_____/

## COMPLAINT

Plaintiff, MELISSA FENDLEY, ("Plaintiff"), through undersigned counsel, hereby files this Complaint and sues the CITY of BIRMINGHAM, Alabama for injunctive relief, attorney's fees and costs pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973 and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, (hereinafter referred to as the "ADA") 42 U.S.C. " 12131-12134, and its implementing regulation, 28 C.F.R. Part 35, as well as ' 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. '701 *et seq*. ("the Rehabilitation Act").  This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343.

2.     Venue is proper in this Court, the Southern Division of the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3.     Plaintiff, MELISSA FENDLEY (hereinafter referred to as "FENDLEY") is a resident of Warrior, Alabama and is a qualified individual with a disability under the ADA.  FENDLEY suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and requires a wheelchair for mobility.  Prior to instituting the instant action, FENDLEY visited the Defendant's premises at issue in this matter when she attended a concert, Blues at the Ball Park, on October 7, 2023, and was denied full, safe and equal access to the subject property due to its lack of compliance with the ADA and more specifically, the barriers to access listed in Paragraph 22, below, that she personally encountered.  FENDLEY continues to desire and intends to visit the Defendant's premises, and in particularly upcoming major league baseball games and future blues concerns, but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.     The Defendant, The City of Birmingham (hereinafter referred to as "Defendant"), is a municipal corporation conducting business in the State of Alabama.  Upon information and belief, Defendant is the operator, owner and/or

lessee of the programs, services and activities offered by Birmingham, including

Blues at the Ball Park, as well as the facilities, real properties and improvements

which are the subjects of this action, namely: Rickwood Field located at 1137 2nd

Avenue West, Birmingham, Alabama (hereinafter referred to as the "public

services" or "subject facilities" or "Rickwood Field.").

6. 5.     All events giving rise to this lawsuit occurred in the Northern District

of Alabama.

## COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6.     Plaintiff re-alleges and re-avers the allegations contained in Paragraphs

1-5 as if expressly contained herein.

7.     On or about July 26, 1990, Congress enacted the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

8.     In Title II of the ADA, Congress provided that no qualified individual

with a disability shall, by reason of such disability, be excluded from participation

in or be denied the benefits of a public entity, or be subjected to discrimination by

any such entity.

9.     "Public entity" is defined as "any state or local government" or "any

department, agency…..of a state…..or local government." 42 U.S.C. § 12131(1)(A)

and (B).

10.     Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others 28 C.F.R. §35.160(a).

11.     Discrimination occurs when a person with a disability is "excluded" from participation in or [is] denied the benefits of the services, programs or activities of a public entity…" 42 U.S.C. § 12132.

12.     The U.S. Department of Justice ("DOJ") has promulgated federal regulations to implement the ADA.  In addition, the ADA Accessibility Guidelines ("ADAAG") establishes the standards to which public entities must conform in order to comply with the ADA. The ADAAG (ADA Standards for Accessible Design, 36 CFR Part 1191, Appendices B and D)[1] applies to the Defendant's facilities at issue in this matter, regardless of whether they are of new or old construction, or on the national register of historic places, since removal of these barriers described herein are readily achievable and not unduly burdensome within the meaning of the ADA. 42 U.S.C. §§ 12134(c) and 12204, and in accordance with 28 CFR §35.151(b)(3)(i) and (ii).

---

[1] Plaintiff recognizes that compliance with the earlier version of ADAAG codified at 28 CFR Part 36, Appendix A can provide safe harbor to the Defendant with regard to the new ADAAG in effect as of March 15, 2012.  However, with respect to the specific barriers to access alleged in Paragraph 22, herein below, Plaintiff asserts the Defendant has not complied with either the old 1991 ADAAG or the new version cited herein and the failure to do so has rendered many programs, services and activities offered by Defendant at the subject public services (perhaps all of them) inaccessible to wheelchair users such as Plaintiff.

13.     Defendant was required to have completed structural changes in the subject facilities over twenty-five years ago, and, in any event, no later than January 26, 1995.  Defendant has failed to complete the required structural changes to achieve equal program, service or activity access to the public services and subject facilities.

14.     Defendant has known for over twenty-five years of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes.  Defendant has arbitrarily and intentionally refused to complete the necessary and required structural changes to the subject facilities by the January 26, 1995 date as mandated by federal law.

15.     Defendant's failure to have fully implemented all structural modifications at the subject facilities has denied and continues to deny Plaintiff full, safe and equal access to Defendant's programs, services and activities that are otherwise available to persons without disabilities at the subject facilities.

16.     Defendant has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of his disability.  Defendant directly participated in or acquiesced in the conduct or acts of omission described in this Complaint.  Defendant's discrimination against Plaintiff solely on the basis of his disability has been, and continues to be, arbitrary, knowing and intentional.

17.    Under Title II of the ADA, the programs, services and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity. 28 C.F.R. §35.149-150.  It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden.  Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding of operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion" 28 C.F.R. §35.150(a)(3).  Defendant cannot meet this burden.

18.    Plaintiff was subjected to discrimination when she attempted to access the facilities and avail herself to the programs and services offered at and by Defendant, due to the lack of accessible parking, accessible routes, accessible bathroom facilities, and accessible seating positions.  Plaintiff continues to desire to return and therefore will continue to suffer discrimination by Defendant in the future as the violations and lack of equal and safe access to the programs, services and activities at the subject facilities continues to exist.

19.    Defendant has discriminated against Plaintiff by denying her full and equal enjoyment of benefits of a service, program or activity conducted by a public

entity as prohibited by 42 U.S.C. §12101 *et seq.*, and by failing to remove architectural barriers pursuant to 28 CFR §§35.150 and 35.151.

20.     Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the subject facilities in derogation of Title II of the ADA, 42 U.S.C. § 12101 *et seq.*

21.     Plaintiff has been subjected to discrimination and has suffered an injury in fact due to the lack of wheelchair access to the subject public services and facilities.

22.     Defendant is in violation of 42 U.S.C. § 12101 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against Plaintiff due to the following violations, *inter alia*:

    i.     There are no accessible or van accessible parking spaces provided in any of the parking areas serving Rickwood Field;

    ii.     The sole paved parking area serving Rickwood Field not only lacks accessible parking but is reserved for VIP parking only;

    iii.     The remaining parking areas serving Rickwood Field consist of unimproved grassy fields and are neither firm nor slip resistant as is necessary to provide an accessible

route and accessible parking spaces and access aisles for wheelchair users;

iv.   There is no firm, slip resistant accessible route connecting the grassy parking areas to the main entry of Rickwood Field;

v.   Ramps providing access to the grandstands contain excessive slopes that are too steep for a wheelchair user and lack accessible handrails and edge protection;

vi.   No wheelchair accessible seating positions and companion seating positions are provided in the Rickwood Field grandstands;

vii.   Upon information and belief, the concessions sales and service counters are too high for a wheelchair user and no wheelchair accessible lowered service counter is provided;

viii.   The inaccessible public toilet rooms lack accessible signage to direct patrons with disabilities to renovated toilet rooms that have some accessible features;

ix.   Upon information and belief, the majority of toilet rooms at Rickwood Field are not wheelchair accessible in that they contain abrupt changes in level and lack accessible routes, features and fixtures within them.

x.   The sole renovated women's public toilet room containing a somewhat wheelchair accessible toilet stall contains the following barriers to access:

a.   There is no accessible route to connect the renovated toilet room with some accessible

features to the nearest gang toilet room as the route between them consists of gravel that is not firm nor slip resistant;

b.    The flush valve on the "accessible" water closet faces the narrow side of the toilet stall, out of reach of a wheelchair user;

c.    The lavatory in the wheelchair accessible toilet stall lacks soap and paper towel dispensers.

d.    The toilet paper dispenser is located out of reach of a person seated on the water closet in the wheelchair accessible toilet stall.

e.    Other than the lavatory in the accessible toilet stall, the lavatories in the renovated toilet room contain exposed pipes that are not insulated to protect a wheelchair user;

f.    The mirrors in the renovated toilet room, other than the one located in the accessible toilet stall, are too high for a wheelchair user;

g.    The paper towel dispensers are out of reach of a wheelchair user.

23.    There are other current barriers to access and violations of the ADA at the subject facilities which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations and barriers to access be identified.

24.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

25.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject programs, services and facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject programs, services and facilities until the requisite modifications are completed.

26.     Renovations currently planned for Rickwood Field do not address all of the barriers to access alleged herein to the best of Plaintiff's knowledge and belief.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.     That the Court declare that the programs, services and facilities owned, operated and administered by Defendant, are violative of the ADA;

B.     That the Court enter an Order directing Defendant to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.     That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.      That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II – VIOLATION OF THE REHABILITATION ACT

27.     Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 5 of this Complaint.

28.     As more fully described above, Plaintiff is an individual with a disability.

29.     Furthermore, the Plaintiff is an Alabama resident who does or would like to frequent the subject facilities that are currently inaccessible as described above and herein and is otherwise qualified to use and enjoy the programs, services and benefits provided by Defendant in the City of Birmingham.

30.     Defendant's acts and omissions that result in unequal access to the programs, services, facilities and activities provided by Defendant as alleged herein are in violation of Section 504 of the Rehabilitation Act as codified in 29 U.S.C. § 794 *et seq.*, and the regulations promulgated thereunder which are codified in 34 C.F.R. § 104 *et seq.* Defendant is the direct recipient of federal funds sufficient to invoke the coverage of Section 504 and is unlawfully and intentionally discriminating against Plaintiff on the sole basis of the disabilities of Plaintiff. Upon information and belief, the public programs, services and activities at issue in this cause at the subject facilities have benefited from federal financial assistance, included but not limited to federal historic preservation tax credits.

31.     Solely by reason of disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full, safe and equal access to the programs, services and activities offered by Defendant.

32.     Defendant is in violation of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. §794 and is discriminating against the Plaintiff due to the violations detailed in paragraph 22 above, which are incorporated herein by reference.

33.     Upon information and belief, there are other current violations of the Rehabilitation Act at Rickwood Field and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A       That this Court accept jurisdiction of this case and declare that the programs, services and facilities owned, operated and administered by Defendant are discriminatory and are violative of the Rehabilitation Act;

B.      That the Court enter an order requiring Defendant to alter its programs, services and facilities to comply with federal law and regulations to make them accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act;

C.      That the Court enter an order directing Defendant to evaluate and neutralize its policies, practices, and procedures toward individuals with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.    That the Court enter an order mandating that Defendant undertake a self-evaluation and that such evaluation contain a description of all of Defendant's programs, services and facilities; a review of all policies and practices that govern the administration of such programs, services and facilities; and an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

E.    That the Court enter an order mandating Defendant to expeditiously make all reasonable and appropriate modifications in its policies, practices and procedures, provide effective signage, remove all architectural barriers that would not cause an undue financial or administrative burden or cause a fundamental alteration to the program or activity, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at the subject facilities;

F.    Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiff;

G.    Retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court and awarding such other, further or different relief, as the Court deems necessary, just and proper.

Dated this 11th day of October, 2023.

Respectfully submitted,

By:   *s/ Edward I. Zwilling*
Edward I. Zwilling, Esq.
Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Drive
Birmingham, Alabama 35242

Telephone:   (205) 822-2701
Email:          edwardzwilling@zwillinglaw.com

14